# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Mar 14 2013, 8:15 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL BOWSER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1208-CR-361 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1005-FC-91

**March 14, 2013**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

STATEMENT OF THE CASE

Michael Bowser appeals his two convictions of battery by means of a deadly weapon, both Class C felonies. Ind. Code § 35-42-2-1 (2008). We affirm.

ISSUES

Bowser raises two issues, which we restate as:

I.    Whether the trial court abused its discretion in denying his motion for severance.

II.   Whether the evidence is sufficient to sustain his convictions.

FACTS AND PROCEDURAL HISTORY

Bowser and Jennifer Kaminski dated for several months. In March 2009, Kaminski ended her relationship with Bowser and began dating Andrew Bolinger. Bowser "was not happy" that Kaminski was seeing Bolinger. Tr. p. 130. On the evening of March 13, 2009, Kaminski met Bowser and told him to leave her alone. She then went to Bolinger's house. Kaminski received several threatening texts from Bowser during her visit at Bolinger's house.

When Kaminski left to drive home, Bolinger and his friend, Anthony Badzinski, followed her in Badzinski's car to make sure she arrived safely. Bolinger and Badzinski stopped following Kaminski when she was almost home. Shortly before arriving home, Kaminski saw Bowser's car, so she called Bolinger and Badzinski.

Kaminski parked in the driveway of a business, and Bowser parked there too. He got out of his car, approached Kaminski's car, and talked to Kaminski. Bowser was

2

angry.  Next, Bolinger and Badzinski pulled up, and Bolinger got out of Badzinski's car. Bowser ran back to his car and drove away at a high rate of speed.

Bolinger returned to Badzinski's car, and they began backing up to exit the driveway.  However, Bolinger saw Bowser turn around down the road and head back in their direction at a high rate of speed, so Bolinger told Badzinski to stop backing up. Instead of driving past them, Bowser swerved out of his lane, drove across the oncoming lane, and struck the side of Badzinski's car as it sat at the end of the driveway.  Bowser did not slow down prior to striking Badzinski's car and hit it squarely in the middle. Bolinger sustained a broken femur and head injuries from the collision.  Badzinski was in a coma for a month, had a broken pelvis, and must wear a brace for the rest of his life.

The State charged Bowser with two counts of battery resulting in serious bodily injury, both Class C felonies; two counts of battery by means of a deadly weapon, both Class C felonies; two counts of criminal recklessness by means of a deadly weapon resulting in serious bodily injury, both Class C felonies; and two counts of criminal recklessness resulting in serious bodily injury, both Class D felonies.  Prior to trial, Bowser filed a motion for severance, in which he stated that he should only be required to defend against "two counts of the indictment, a count for each alleged victim, the counts to be consistent with one theory of prosecution."  Appellant's App. p. 19.  The trial court denied Bowser's motion after a hearing.  At trial, the jury determined that Bowser was guilty as charged.  The court, citing double jeopardy concerns, entered a judgment of conviction only as to the two verdicts for battery by a deadly weapon and sentenced him accordingly.

This appeal followed.

## DISCUSSION AND DECISION

## I. MOTION FOR SEVERANCE

Bowser claims that the trial court should have severed the battery charges from the criminal recklessness charges.

The statute that governs joinder of offenses provides, in relevant part:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

> (1) are of the same or similar character, even if not part of a single scheme or plan; or
> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind. Code § 35-34-1-9(a) (1981). Here, all eight of the charges against Bowser arose out of the same conduct, specifically, Bowser's act of ramming Badzinski's car with his own car. Thus, joinder of the charges did not violate Indiana Code section 35-34-1-9.

Pursuant to the statute that governs severance of offenses, "Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." Ind. Code § 35-34-1-11(a) (1981). In this case, the eight charges were joined because they were based on the same conduct, not solely because they were of the same or similar character. Consequently, Bowser was not entitled to severance as a matter of right.

4

The General Assembly has determined that even when a defendant is not entitled to severance as a matter of right:

> the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> > (1) the number of offenses charged;
> > (2) the complexity of the evidence to be offered; and
> > (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

*Id.* We review the trial court's refusal to sever charges under these circumstances for an abuse of discretion. *Craig v. State*, 730 N.E.2d 1262, 1265 (Ind. 2000).

Here, there were a number of charged offenses but the evidence was not complex, consisting of testimony from five witnesses and twenty-one exhibits, primarily photographs. One of the testifying police officers described in detail his techniques for accident reconstruction, but scientific or specialized evidence does not necessarily require severance. *See Kahlenbeck v. State*, 719 N.E.2d 1213, 1216 (Ind. 1999) (determining that the trial court properly denied the defendant's motion for severance because the evidence, which included a ballistics analysis, was not complex). Finally, it is reasonable to conclude that the jury was able to distinguish the evidence and apply the law intelligently because the charged offenses differed only in levels of mental culpability, whether a deadly weapon was used, and the level of harm inflicted upon the victims. *See* Ind. Code §§ 35-42-2-1; 35-42-2-2 (2006). The jury instructions clearly defined each offense, and the court instructed the jury to "consider each count independently based on the law and

the evidence relating to that count." Tr. p. 344. Under these circumstances, the trial court did not abuse its discretion by denying Bowser's motion for severance.

## II. SUFFICIENCY OF THE EVIDENCE

Bowser argues that the State failed to prove that he knowingly or intentionally battered Bolinger and Badzinski. Instead, he claims that the collision was an accident.

When an appellant challenges the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Bowser of battery by means of a deadly weapon, the State was required to prove beyond a reasonable doubt that (1) Bowser (2) knowingly or intentionally (3) touched another person (4) in a rude, insolent, or angry manner (5) by means of a deadly weapon. Ind. Code § 35-42-2-1. The mens rea element for a criminal offense is almost inevitably, absent a defendant's confession or admission, a matter of circumstantial proof. *Hampton v. State*, 961 N.E.2d 480, 487 (Ind. 2012).

Here, Bowser was angry that Kaminski had ended their relationship and was seeing Bolinger. Bowser was talking with Kaminski in an angry manner when Bolinger and Badzinski drove up, interrupting the conversation. Bowser initially drove away, but he drove back at a high rate of speed and hit the side of Badzinski's car, squarely in the middle, without slowing down or applying his brakes. Badzinski's car was not on the

6

road and was stationary. This is ample evidence from which a reasonable jury could have determined beyond a reasonable doubt that Bowser knowingly or intentionally hit Bolinger and Badzinski's car with his car. Bowser's assertion that he could have hit them by accident is a request to reweigh the evidence, which we cannot do.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.